## SUMMONS

### IN THE CIRCUIT COURT FOR THE SIXTEENTH JUDICIAL CIRCUIT
### KANE COUNTY, ILLINOIS

General Number **'09 L 254**

Amount Claimed _over $50,000.00_

| | | |
|---|---|---|
| CHRISTOPHER SANCHEZ, a minor by and through INES GUADARRAMA and ANDRES SANCHEZ, his parents and next friends and INES GUADARRAMA and ANDRES SANCHEZ, individually, | VS. | LESLIE OLSEN, R.N., individually; SHERMAN HOSPITAL, an Illinois corporation; RAJA CHATTERJI, M.D., individually; and WOMEN'S HEALTHCARE CENTER, LTD., An Illinois corporation, |
| Plaintiffs | | Defendants. |

Plaintiff's Attorney:
Michael P. Schostok (ARDC #06194486)
Joseph M. Fusz (ARDC #6289524)
Salvi, Schostok & Pritchard, P.C.
218 North Martin Luther King Jr. Avenue
Waukegan, Illinois 60085
(847) 249-1227

SERVE DEFENDANTS AT:
*See Attached Service List*

### SUMMONS

**To each of the above-named defendants:**

You are hereby summoned and required to file an answer in this case, or otherwise file your appearance, in the office of the Clerk of this Court, within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, a judgment or decree by default may be taken against you for the relief prayed in the complaint.

This summons must be returned by the officer or other person to whom it was given for service, with endorsement thereon of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so indorsed.

This summons may not be served later than 30 days after its date.

APR 23 2009

SEAL
OF
COURT

WITNESS, _____, 20____

_Deborah Seyller_
Clerk of Court

Date of Service: _____, 2009
(To be inserted by officer on copy left with defendant or other person.)

EXHIBIT A

## SUMMONS SERVICE LIST

### Sanchez v. Olsen, et al.
### Kane County

**Leslie Olsen, R.N.**
Personal Service
at residence:  968 Machester Street
Cary, IL 60013

**Sherman Hospital:**
Registered Agent:  Richard B. Floyd
934 Center Street
Elgin, IL 60120

**Raja Chatterji, M.D.:**
Personal Service:  12 Meadow Court
South Barrington, IL 60010

**Women's Healthcare Center, Ltd.:**
Registered Agent:  Jason E. Orth
750 Lake Cook Road
Suite 350
Buffalo Grove, IL 60089

EXHIBIT A

STATE OF ILLINOIS     )
                      ) SS
COUNTY OF KANE        )

### IN THE CIRCUIT COURT OF THE SIXTEENTH
### JUDICIAL CIRCUIT, KANE COUNTY, ILLINOIS

CHRISTOPHER SANCHEZ, a minor, by and ) 
through INES GUADARRAMA and ANDRES ) 
SANCHEZ, his parents and next friends and ) 
INES GUADARRAMA and ANDRES SANCHEZ, ) 
INDIVIDUALLY, ) 
) 
      Plaintiffs, ) No.: '09 L 254
) 
vs. ) 
) 
LESLIE OLSEN, R.N., Individually; and ) 
SHERMAN HOSPITAL, an Illinois corporation and ) 
RAJA CHATTERJI, M.D., Individually, and ) 
WOMEN'S HEALTHCARE CENTER, LTD., an ) 
Illinois corporation, ) 
) 
) 
      Defendants. ) 

Robert Spence

**NOTICE**
BY ORDER OF COURT THIS CASE IS HEREBY SET FOR CASE MANAGEMENT CONFERENCE BEFORE THE ABOVE NAMED JUDGE ON _____ JUL 9 2009 _____, AT 9:00 A.M., PM FAILURE TO APPEAR MAY RESULT IN THE CASE BEING DISMISSED OR AN ORDER OF DEFAULT BEING ENTERED

### COMPLAINT AT LAW

**COUNT I**
**(Medical Negligence)**
**(Sanchez v. Leslie Olsen, R.N. and Sherman Hospital)**

NOW COMES the Plaintiff, CHRISTOPHER SANCHEZ, a minor, by INES GUADARRAMA and ANDRES SANCHEZ, his parents and next friends, and by and through their attorneys, SALVI, SCHOSTOK & PRITCHARD P.C., and complaining of the Defendants, SHERMAN HOSPITAL, an Illinois corporation and LESLIE OLSEN, R.N., Individually, state the following:

    1. On and before October 10, 2007 through October 14, 2007 and at all times material, the Defendant, LESLIE OLSEN, R.N. (hereinafter "OLSEN") was a registered nurse licensed by the State of Illinois.

EXHIBIT A

2. On and before October 10, 2007 through October 14, 2007 and at all times material, the Defendant, OLSEN held herself out to the Plaintiffs and to the public generally to be a specialist in obstetrical and gynecological nursing.

3. One and before October 10, 2007 through October 14, 2007 and at all times material, the Defendant, SHERMAN HOSPITAL, an Illinois corporation, (hereinafter "SHERMAN HOSPITAL") was a general hospital licensed and doing business as a not-for-profit corporation in the State of Illinois, County of Kane.

4. On and before October 10, 2007 through October 14, 2007 and at all times material, SHERMAN HOSPITAL held themselves out to plaintiffs and to the public generally as providers of medical, nursing and hospital services.

5. On and before October 10, 2007 through October 14, 2007 and at all times material, SHERMAN HOSPITAL undertook to, and did employ certain obstetrical nurses, including, but not limited to the Defendant, LESLIE OLSEN, R.N. for the purpose of providing obstetrical and gynecological nursing services to individuals like the Plaintiffs, INES GUADARRAMA and CHRISTOPHER SANCHEZ, a minor.

6. On and before October 10, 2007 through October 14, 2007 and at all times material, LESLIE OLSEN, R.N. was a member of the obstetrical nursing staff at SHERMAN HOSPITAL.

7. On and before October 10, 2007 through October 14, 2007 and at all times material, SHERMAN HOSPITAL undertook to, and did employ various *other* medical personnel such as obstetrical nurses, obstetricians, neonatologists, pediatricians, anesthesiologists, including, but not limited to the Defendants, LESLIE OLSEN, R.N. and RAJA CHATTERJI,

2

M.D. for the purpose of providing obstetrical and gynecological services to individuals like the Plaintiffs, INES GUADARRAMA and CHRISTOPHER SANCHEZ, a minor.

8. On October 10, 2007, INES GUADARRAMA was admitted to SHERMAN HOSPITAL as an obstetrical patient. During her hospitalization, the Defendant, RAJA CHATTERJI, M.D. was the admitting and attending physician.

9. On and before October 10, 2007 through October 14, 2007 and at all times material, LESLIE OLSEN, R.N. provided obstetrical and gynecological nursing services to the Plaintiffs, INES GUADARRAMA and CHRISTOPHER SANCHEZ, a minor, at SHERMAN HOSPITAL and was doing so as an employee, servant, agent, actual or apparent, of SHERMAN HOSPITAL.

10. One and before October 10, 2007 and at all times material, SHERMAN HOSPITAL provided certain facilities, including, but not limited to a labor room, delivery room, operating room, recovery room, nursery, nursery intensive care unit and various diagnostic departments for patients, including INES GUADARRAMA and CHRISTOPHER SANCHEZ, a minor.

11. On and before October 10, 2007 and at all times material, SHERMAN HOSPITAL provided certain instruments, drugs and medical equipment for its patients, including, INES GUADARRAMA and CHRISTOPHER SANCHEZ, a minor.

12. On October 10, 2007, INES GUADARRAMA gave birth to twins via cesarean section, one of whom was CHRISTOPHER SANCHEZ, a minor.

13. That while providing obstetrical and gynecological nursing services to INES GUADARRAMA and CHRISTOPHER SANCHEZ, a minor, SHERMAN HOSPITAL, by and through its employees, servants, agents and/or apparent agents, including, but not limited to

3

LESLIE OLSEN, R.N., had a duty to provide obstetrical and gynecological nursing services in a manner consistent with the standard of care in the same or similar circumstances and to use the degree of care, skill and learning ordinarily possessed by hospitals and nurses in similar circumstances.

14. That the Defendant, LESLIE OLSEN, R.N., Individually and as employee, servant, agent, actual or apparent of SHERMAN HOSPITAL, breached that duty and was negligent in one or more of the following respects:

    a. failed to appropriately manage a twin gestation labor and delivery;

    b. failed to appreciate and respond appropriately to the high risk factors associated with a twin gestation delivery;

    c. failed to have all of the appropriate medical specialists present in the operating room <u>prior</u> to the start of the delivery;

    d. failed to appreciate the high risks associated with a twin delivery and therefore have INES GUADAMARRA in the operating room with a double setup ready for delivery of her twins; and

    e. failed to appropriately assess CHRISTOPHER SANCHEZ' fetal well-being and heart tones following delivery of twin A.

15. As a proximate result of one or more of the foregoing negligent acts and/or omissions of the Defendant, LESLIE OLSEN, R.N., Individually and as employee, servant, agent, actual or apparent of SHERMAN HOSPITAL, CHRISTOPHER SANCHEZ, a minor, suffered severe, permanent, and irreversible brain damage; suffered loss of a normal life; was permanently disfigured and disabled; has incurred and will incur future obligations for substantial sums of money for hospital, medical, nursing, caretaking, custodial, and other expenses; and has been permanently been deprived of the ability and capacity to earn a living.

16. The Plaintiffs attach hereto as Exhibit "A," a certificate of merit and an attorney's affidavit in compliance with 735 ILCS 5/2-622 of the Illinois Complied Statutes as amended.

WHEREFORE the Plaintiff, CHRISTOPHER SANCHEZ, a minor, by INES GUADARRAMA and ANDRES SANCHEZ, his parents and next friends, and by and through their attorneys, SALVI, SCHOSTOK & PRITCHARD P.C., demands judgment against the Defendants, LESLIE OLSEN, R.N., Individually and SHERMAN HOSPITAL, an Illinois corporation and in an amount in excess of $50,000.00 together with the costs of this action.

## COUNT II
### (Family Expense Act)
### (Sanchez v. Leslie Olsen, R.N. and Sherman Hospital)

NOW COMES the Plaintiffs, INES GUADARRAMA and ANDRES SANCHEZ, by and through their attorneys, SALVI, SCHOSTOK & PRITCHARD P.C., and complaining of the Defendants, LESLIE OLSEN, R.N., Individually and SHERMAN HOSPITAL, an Illinois corporation, state the following:

1-15. Plaintiffs re-alleges and incorporates by reference paragraphs 1 through 15 of Count One, including subparagraphs, as paragraphs 1 through 15 of Count Two.

16. Plaintiffs, INES GUADARRAMA and ANDRES SANCHEZ are the natural parents and guardians of CHRISTOPHER SANCHEZ, a minor.

17. As a result of the injuries suffered by CHRISTOPHER SANCHEZ, a minor, his parents, INES GUADARRAMA and ANDRES SANCHEZ, have incurred and will incur future obligations for substantial sums of money for hospital, medical, nursing, caretaking, custodial, and other medical and family expenses of CHRISTOPHER SANCHEZ, a minor, pursuant to the Illinois Family Expense Act, 750 ILCS 65/15.

18. The Plaintiffs attach hereto as Exhibit "A," a certificate of merit and an attorney's affidavit in compliance with 735 ILCS 5/2-622 of the Illinois Complied Statutes as amended.

WHEREFORE the Plaintiffs, INES GUADARRAMA and ANDRES SANCHEZ, by and through their attorneys, SALVI, SCHOSTOK & PRITCHARD P.C., demands judgment against

5

the Defendants, LESLIE OLSEN, R.N. and SHERMAN HOSPITAL, an Illinois corporation, in an amount in excess of $50,000.00 together with the costs of this action.

## COUNT III
### (Medical Negligence)
(Sanchez v. Raja Chatterji, M.D., Women's Healthcare Center, Ltd. & Sherman Hospital)

NOW COMES the Plaintiff, CHRISTOPHER SANCHEZ, a minor, by INES GUADARRAMA and ANDRES SANCHEZ, his parents and next friends, and by and through their attorneys, SALVI, SCHOSTOK & PRITCHARD P.C., and complaining of the Defendants, RAJA CHATTERJI, M.D., Individually, WOMEN'S HEALTHCARE CENTER, LTD., an Illinois corporation and SHERMAN HOSPITAL, an Illinois corporation, state the following:

1. One and before October 10, 2007 through October 14, 2007 and at all times material, the Defendant, RAJA CHATTERJI, M.D. (hereinafter "CHATTERJI") was a physician licensed to practice medicine in the State of Illinois.

2. One and before October 10, 2007 through October 14, 2007 and at all times material, the Defendant, CHATTERJI, held himself out to the Plaintiff and to the general public to be a specialist in obstetrics and gynecology.

3. One and before October 10, 2007 and at all times material, "WOMEN'S HEALTHCARE" was a corporation licensed and registered to do business in the State of Illinois.

4. One and before October 10, 2007 and at all times material, the Defendant, WOMEN'S HEALTHCARE held itself out to the Plaintiffs and to the public generally as a provider of medical services.

5. One and before October 10, 2007 through October 14, 2007 and at all times material, the Defendant, SHERMAN HOSPITAL, an Illinois corporation, (hereinafter

6

"SHERMAN HOSPITAL") was a general hospital licensed and doing business as a not-for-profit corporation in the State of Illinois, County of Kane.

6. On and before October 10, 2007 through October 14, 2007 and at all times material, SHERMAN HOSPITAL held themselves out to plaintiffs and to the public generally as providers of medical, nursing and hospital services.

7. On and before October 10, 2007 through October 14, 2007 and at all times material, SHERMAN HOSPITAL undertook to, and did employ certain physicians, including, but not limited to the Defendant, CHATTERJI for the purpose of providing obstetrical and gynecological services to individuals like the Plaintiffs, INES GUADARRAMA and CHRISTOPHER SANCHEZ, a minor.

8. On and before October 10, 2007 through October 14, 2007 and at all times material, CHATTERJI was a member of the medical staff at SHERMAN HOSPITAL.

9. On October 10, 2007, INES GUADARRAMA was admitted to SHERMAN HOSPITAL as an obstetrical patient. During her hospitalization, CHATTERJI was the admitting and attending physician.

10. On and before October 10, 2007 through October 14, 2007 and at all times material, CHATTERJI provided obstetrical and gynecological services to the Plaintiffs, INES GUADARRAMA and CHRISTOPHER SANCHEZ, a minor, at his office and at SHERMAN HOSPITAL and was doing so as an employee and agent of WOMEN'S HEALTHCARE.

11. On and before October 10, 2007 through October 14, 2007 and at all times material, CHATTERJI provided obstetrical and gynecological services to the Plaintiffs, INES

7

GUADARRAMA and CHRISTOPHER SANCHEZ, a minor, at SHERMAN HOSPITAL and was doing so as agent, actual or apparent, of SHERMAN HOSPITAL.

12. One and before October 10, 2007 through October 14, 2007 and at all times material, SHERMAN HOSPITAL provided certain facilities, including, but not limited to a labor room, delivery room, operating room, recovery room, nursery, nursery intensive care unit and various diagnostic departments for patients, including INES GUADARRAMA and CHRISTOPHER SANCHEZ, a minor.

13. One and before October 10, 2007 through October 14, 2007 and at all times material, SHERMAN HOSPITAL provided certain instruments, drugs and medical equipment for its patients, including, INES GUADARRAMA and CHRISTOPHER SANCHEZ, a minor.

14. On October 10, 2007, INES GUADARRAMA gave birth to twins via cesarean section, one of whom was CHRISTOPHER SANCHEZ, a minor.

15. That on October 10, 2007 through October 14, 2007 and at all times material, while providing obstetrical and gynecological services to INES GUADARRAMA and CHRISTOPHER SANCHEZ, a minor, CHATTERJI had a duty to provide obstetrical and gynecological services in a manner consistent with the standard of care in the same or similar circumstances and to use the degree of care, skill and learning ordinarily possessed by obstetricians in similar circumstances.

16. That the Defendant, RAJA CHATTERJI, M.D., Individually and as an agent, actual or apparent of SHERMAN HOSPITAL, breached that duty and was negligent in one or more of the following respects:

    a. failed to appropriately supervise and manage a twin gestation pregnancy;

    b. failed to appreciate and respond appropriately to the high risk factors associated with a twin gestation pregnancy;

8

    c.    failed to have all of the appropriate medical specialists present in the operating room <u>prior</u> to the start of the delivery;

    d.    failed to appreciate the high risks associated with a twin delivery and therefore have INES GUADAMARRA in the operating room with a double setup <u>prior</u> to attempting the delivery of her twins;

    e.    failed to appropriately assess CHRISTOPHER SANCHEZ' fetal well-being/heart tones and perform sufficient diagnostic tests following delivery of twin A; and

    f.    failed to deliver CHRISTOPHER SANCHEZ in a timely manner.

17. As a proximate result of one or more of the foregoing negligent acts and/or omissions of the Defendant, RAJA CHATTERJI, M.D., Individually and as an employee and agent of WOMEN'S HEALTHCARE and/or SHERMAN HOSPITAL, CHRISTOPHER SANCHEZ, a minor, suffered severe, permanent, and irreversible brain damage; suffered loss of a normal life; was permanently disfigured and disabled; has incurred and will incur future obligations for substantial sums of money for hospital, medical, nursing, caretaking, custodial, and other expenses; and has been permanently been deprived of the ability and capacity to earn a living.

18. The Plaintiff, CHRISTOPHER SANCHEZ, attaches hereto as Exhibit "B," a certificate of merit and an attorney's affidavit in compliance with 735 ILCS 5/2-622 of the Illinois Complied Statutes as amended.

WHEREFORE the Plaintiff, CHRISTOPHER SANCHEZ, a minor, by INES GUADARRAMA and ANDRES SANCHEZ, his parents and next friends, and by and through his attorneys, SALVI, SCHOSTOK & PRITCHARD P.C., demands judgment against the Defendants, RAJA CHATTERJI, M.D., Individually, WOMEN'S HEALTHCARE CENTER, LTD., an Illinois corporation and SHERMAN HOSPITAL, an Illinois corporation, in an amount in excess of $50,000.00 together with the costs of this action.

EXHIBIT A

## COUNT IV
### (Family Expense Act)
### (Sanchez v. Raja Chatterji, M.D., Women's Healthcare Center, Ltd. & Sherman Hospital)

NOW COMES the Plaintiffs, INES GUADARRAMA and ANDRES SANCHEZ, by and through their attorneys, SALVI, SCHOSTOK & PRITCHARD P.C., and complaining of the Defendants, RAJA CHATTERJI, M.D., Individually, WOMEN'S HEALTHCARE CENTER, LTD., an Illinois corporation and SHERMAN HOSPITAL, an Illinois corporation, state the following:

1-17. Plaintiffs re-alleges and incorporates by reference paragraphs 1 through 17 of Count Three, including subparagraphs, as paragraphs 1 through 17 of Count Four.

18. Plaintiffs, INES GUADARRAMA and ANDRES SANCHEZ are the natural parents and guardians of CHRISTOPHER SANCHEZ, a minor.

19. As a result of the injuries suffered by CHRISTOPHER SANCHEZ, a minor, his parents, INES GUADARRAMA and ANDRES SANCHEZ, have incurred and will incur future obligations for substantial sums of money for hospital, medical, nursing, caretaking, custodial, and other medical and family expenses of CHRISTOPHER SANCHEZ, a minor, pursuant to the Illinois Family Expense Act, 750 ILCS 65/15.

20. The Plaintiff, CHRISTOPHER SANCHEZ, attaches hereto as Exhibit "B," a certificate of merit and an attorney's affidavit in compliance with 735 ILCS 5/2-622 of the Illinois Complied Statutes as amended.

WHEREFORE the Plaintiff, CHRISTOPHER SANCHEZ, a minor, by INES GUADARRAMA and ANDRES SANCHEZ, his parents and next friends, and by and through his attorneys, SALVI, SCHOSTOK & PRITCHARD P.C., demands judgment against the Defendants, RAJA CHATTERJI, M.D., Individually, WOMEN'S HEALTHCARE CENTER,

EXHIBIT A

LTD., an Illinois corporation and SHERMAN HOSPITAL, an Illinois corporation, in an amount in excess of $50,000.00 together with the costs of this action.

**PLAINTIFFS DEMAND TRIAL BY JURY.**

Respectfully Submitted,

*[signature]*

Michael P. Schostok
Salvi, Schostok & Pritchard P.C.
218 North Martin Luther King Jr. Drive
Waukegan, Illinois 60085
(847) 249-1227
Firm: 34560

EXHIBIT A

## **CERTIFICATION**

Pursuant to the provisions of 42 U.S.C. § 233, and by virtue of the authority delegated to me by the Attorney General under 28 C.F.R. § 15.4 and through the United States Attorney for the Northern District of Illinois, I hereby certify that I have read the complaint in *Christopher Sanchez, a minor by and through Ines Guadarrama etc., et al. v. Leslie Olsen, R.N., et al.*, No. 09 L 254 (Circuit Court of Kane County, Illinois), and all attachments thereto. On the basis of the information now available, I find that at the relevant times, the Visiting Nurse Association of Fox Valley was a private entity receiving grant money from the Public Health Service pursuant to 42 U.S.C. § 233. Further, I certify that Raja Chatterji, M.D. was acting within the scope of his employment for the Visiting Nurse Association of Fox Valley with respect to the incidents referred to in the complaint. Accordingly, for purposes of the above case, Raja Chatterji, M.D. is deemed to be an employee of the United States pursuant to 42 U.S.C. § 233, for Federal Tort Claims Act purposes only.

_____
THOMAS P. WALSH
Chief, Civil Division
Office of the United States Attorney
  for the Northern District of Illinois

Date: July 24, 2009

EXHIBIT B