UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER SANCHEZ, a minor by and through INES GUADARRAMA and ANDRES SANCHEZ, his parents and next friends and INES GUARDARRAMA and ANDRES SANCHEZ, individually, | ) ) ) ) ) ) | No. 09 C 4546 |
| Plaintiffs, | ) ) | |
| | ) | Judge Castillo |
| v. | ) ) | |
| UNITED STATES OF AMERICA; LESLIE OLSEN, R.N., individually; SHERMAN HOSPITAL, an Illinois corporation; WOMEN'S HEALTHCARE CENTER, LTD., an Illinois corporation, | ) ) ) ) ) ) | Formerly case No. 09 L 254, Circuit Court of Kane County, Illinois. |
| Defendants. | ) | |

**UNITED STATES' MOTION TO DISMISS FOR
FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

The United States of America, by its attorney, Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, moves to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and in support, states as follows:

1.  On April 23, 2009, plaintiffs Christopher Sanchez, a minor, by and through Ines Guadarrama and Andres Sanchez commenced the above civil action against Leslie Olsen, R.N. Sherman Hospital, Raja Chatterji, and Women's Healthcare Center, Ltd., alleging medical malpractice. For purposes of this lawsuit, Raja Chatterji, M.D., was a physician for Visiting Nurse Association of Fox Valley, a private entity that receives grant money from the Public Health Service pursuant to 42 U.S.C. § 233.

2. On July 28, 2009, the case was removed to the United States District Court for the Northern District of Illinois, and the United States was substituted as the federal defendant in place of Raja Chatterji, M.D., pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2679(d), and 42 U.S.C. § 233.

3. The FTCA is the "exclusive" jurisdictional basis for a common law tort claim against the United States or any employee "while acting within the scope of his office or employment." 28 U.S.C. §§ 1346(b), 2679(b)(1); *Duffy v. United States*, 966 F.2d 307, 313 (7th Cir. 1992).

4. No FTCA action can be initiated against the United States until the plaintiff has presented a claim to the appropriate federal agency and that agency has denied the claim or has failed to issue a final decision within six months of the date that the claim was presented. 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106 (1993); *Kanar v. United States*, 118 F.3d 527, 528 (7th Cir. 1997) ("No one may file suit under the Federal Tort Claims Act without first making an administrative claim."); *Erxleben v. United States*, 668 F.2d 268, 270 (7th Cir. 1981); *Best Bearings Co. v. United States*, 463 F.2d 1177, 1179 (7th Cir. 1972). This administrative claim requirement is a prerequisite that cannot be waived. *Best Bearings*, 463 F.2d at 1179.

5. The complaint in this case does not allege that plaintiffs ever presented the administrative claim required by the FTCA, and a search of the Department of Health and Human Services' computerized database of administrative tort claims reveals that plaintiffs have not filed an administrative tort claim with the Department. Exhibit A (Declaration of Meredith Torres dated July 16, 2009); *see Capitol Leasing Co. v. Fed. Deposit Ins. Corp.*, 999 F.2d 188, 191 (7th Cir. 1993) (noting that in a motion to dismiss the court may look beyond the jurisdictional allegations of the complaint to determine whether subject matter jurisdiction exists).

WHEREFORE, this case should be dismissed as to the United States for failure to exhaust administrative remedies.[1]  Once dismissed, the remainder of the case should be remanded to state court.

        Respectfully submitted,

        PATRICK J. FITZGERALD
        United States Attorney

        By: s/ Ann L. Wallace
            ANN L. WALLACE
            Assistant United States Attorney
            219 South Dearborn Street
            Chicago, Illinois 60604
            (312) 886-9082
            ann.wallace@usdoj.gov

---

[1] Whether the dismissal is effectively with or without prejudice will depend on whether plaintiffs may still timely file an administrative claim under the savings provisions of 28 U.S.C. § 2679(d)(5), a question not before the court at this time.

**CERTIFICATE OF SERVICE**

      The undersigned Assistant United States Attorney hereby certifies that in accordance with FED. R. CIV. P. 5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following document:

**UNITED STATES' MOTION TO DISMISS FOR
FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

was served pursuant to the district court's ECF system as to ECF filers, if any, and was sent by first-class mail on July 29, 2009, to the following non-ECF filers:

| | |
|---|---|
| Michael P. Schostok | Bruce Brown, Esq. |
| Salvi, Schostok & Pritchard, P.C. | 2000 West Galena Blvd. |
| 218 North Martin Luther King Jr. Drive | Suite 201 |
| Waukegan, Illinois 60085 | Aurora, Illinois 60506 |

Jennifer Lowis, Esq.
200 West Adams Street
Suite 1900
Chicago, Illinois 60606

    /s Ann L. Wallace
    ANN L. WALLACE
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois
    (312) 886-9082
    ann.wallace@usdoj.gov